UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 25-2515 PA (AJRx) | Date | May 14, 2025 |
|---|---|---|---|
| Title | Melanie Tandoc, et al. v. U.S. Renal Care, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

  Before the Court is a Motion to Remand filed by plaintiffs Melanie Tandoc, individually and as successor-in-interest to the Arthur Tandoc Estate, Justin Tandoc, and JT, a minor (collectively "Plaintiffs") (Docket No. 14). Plaintiffs challenge the Notice of Removal filed by defendant U.S. Renal Care, Inc. ("Defendant") as an improper effort to have the Court "reconsider" its October 16, 2024 Order remanding the action to Los Angeles County Superior Court. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for May 16, 2025 at 10 a.m., is vacated, and the matter taken off calendar.

**I.     Background**

  Plaintiffs commenced this action, which alleges claims for wrongful death and a survival action arising out of alleged employment discrimination and retaliation, in Los Angeles County Superior Court on June 26, 2024. Defendant filed its first Notice of Removal in Case No. CV 24-8720 PA (AJRx), on October 8, 2024 ("First Notice of Removal"). The Court conducted a Status Conference on October 8, 2024 concerning the sufficiency of the citizenship allegations supporting the First Notice of Removal's assertion that the Court possessed diversity jurisdiction over the action. During that Status Conference, the Court waived the requirements of Local Rule 6-1, allowed Plaintiff to move to remand the action, and granted Plaintiff's Motion to Remand.

  Following the Court's order remanding the action, Defendant propounded discovery concerning Plaintiffs' citizenship, and filed a second Notice of Removal on March 21, 2025 ("Second Notice of Removal"), within 30 days of receiving Plaintiffs' answers to that discovery, in which Plaintiffs confirmed that they were citizens of and domiciled in California at the time they filed the Complaint. Plaintiffs assert that they did not respond to interrogatories concerning whether the intend to remain in California in the future, and that Defendant should have sought

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-2515 PA (AJRx) | Date | May 14, 2025 |
|---|---|---|---|
| Title | Melanie Tandoc, et al. v. U.S. Renal Care, Inc. | | |

this discovery before this Court remanded the action in October, and that the Second Notice of Removal is an impermissible and untimely Motion for Reconsideration.

## II.     Legal Standard

"Federal courts are courts of limited jurisdiction," having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)), amended by 387 F.3d 966 (9th Cir. 2004).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, defendants must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000 both at the time of the filing of the action and at time of removal. See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the place they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

"The Defendant also has the burden of showing that it has complied with the procedural requirements for removal."  Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F. Supp. 1354, 1360 (D. Ariz. 1996)).  The removal statute provides defendants with two thirty-day windows in which to remove a case.  28 U.S.C. § 1446(b)(1) & (3).  Although generally "a proper removal notice must be filed within 30 days of service of the plaintiff's complaint," Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) (citing 28 U.S.C. § 1446(b)), the thirty-day period for removal is not triggered if an initial pleading is not removable on its face.  See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-2515 PA (AJRx) | Date | May 14, 2025 |
|---|---|---|---|
| Title | Melanie Tandoc, et al. v. U.S. Renal Care, Inc. | | |

(9th Cir. 2005). "In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." Id. (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff's response to deposition questions and a litigant's sworn discovery responses can constitute "other paper" within the meaning of 28 U.S.C. § 1446(b) from which a party may properly be put on notice that a case is or has become removable. See Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 886-87 (9th Cir. 2010); Riggs v. Continental Baking Co., 678 F.Supp. 236, 238 (N.D. Cal. 1998). If a notice of removal is untimely, a plaintiff may move to remand the case back to state court. See 28 U.S.C. §§ 1447(c), 1453(c)(1); Carvalho, 629 F.3d at 885; Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1191–92 (9th Cir.2003).

"As a general rule, a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action." Allen v. Utiliquest, LLC, 13-CV-4466, 2014 WL 94337, at *2 (N.D. Cal. Jan. 9, 2014). "A successive removal petition is only permitted upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a new and different ground for removal.'" Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting Kirkbridge v. Cont'l Cas. Co., 933 F.2d 729, 732 (9th Cir. 1991)) (allowing successive removal after recent passage of federal law that created a new category of federal jurisdiction). "Where a court has previously remanded a removed action for a defendant's failure to meet its burden, successive notices of removal . . . generally must be based on information not available at the prior removal." Sweet v. United Parcel Serv., Inc., CV 19-02653, 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009).

Here, the Second Notice of Removal was based on information not available at the time of the prior removal. As discussed above, after this case was remanded, Defendant conducted discovery. The information disclosed in the discovery responses was not available to Defendant at the time of the first removal. The Second Notice of Removal – based on this new information – thus presents a different factual basis for removal than what was originally asserted. See Robin Invs., Inc. v. Shkolnik, CV 13-4136 MMM (MANx), 2013 WL 12114446 at *2-3 (C.D. Cal. July 13, 2013) ("A second removal, however, must be on grounds either factual or legal, that are different from those asserted in the first removal.").

Specifically, because the Court's October 16, 2024 Order remanding the action was based on Defendant's failure to adequately allege Plaintiffs' domicile or citizenship, the Court concludes that Defendant's later receipt of evidence of Plaintiffs' California citizenship opened a 30-day window for Defendant to file the second Notice of Removal under 28 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-2515 PA (AJRx) | Date | May 14, 2025 |
|---|---|---|---|
| Title | Melanie Tandoc, et al. v. U.S. Renal Care, Inc. | | |

§ 1446(b)(3).  See Cioffi v. Solomon, Case No. C-14-04139-RMW, 2014 WL 6679555, at *2 (N.D. Cal. Nov. 21, 2014) (citing Harris, 425 F.3d at 695) ("Plaintiff's initial complaint did not trigger the first thirty-day window for removal because it only disclosed plaintiff's residency, not his citizenship. . . . [T]he second window for removal began when plaintiff filed an opposition in state court admitting plaintiff's California citizenship.")  The Court therefore rejects Plaintiff's contention that the Second Notice of Removal was an impermissible successive removal or untimely Motion for Reconsideration.

    For all of the foregoing reasons, the Court denies Plaintiffs' Motion to Remand.

    IT IS SO ORDERED.